JAMES SVASTICS in Pro Per
6412 Lindley Ave
RESEDA, California 91335
(310) 666 7705
E-mail: jsvastics@roadrunner.com

*FILED*

2015 JAN 28  AM 10: 52

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

UNITED STATES DISTRIC COURT
CENTRAL DISTRICT OF CALIFORNIA

CV 15 - 00640 - GHK(AJW)

JAMES SVASTICS

        Plaintiff,

          vs.

CITY OF LOS ANGELES, a
California Municipal
Corporation.
Officers Cohen, Reth,
DOES 1 through 10, inclusive.

        Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:

COMPLAINT FOR DAMAGES)
(42 U.S.C.A. Section 1983)

Jury Trial Demanded:

INTRODUCTION AND VENUE

1.   This is an action pursuant to the Civil Right Act of 1983.

42 U.S.C.A sec. 1343. seeking redress for deprivation of plaintiffs

civil rights. Venue is proper in the Central District of California,

as all of the acts complained of occurred in Los Angles County,

State of California.

- 1 -

2.    The court has jurisdiction over this action under 28 U.S.C.A. sec. 1343 (a) (3) for a violation of constitutional rights as provided in 42 U.S.C. Sec.1983. Plaintiff seek monetary damages and injunctive relief.

3.    Plaintiff seek redress for violation of the plaintiffs rights pursuant to the Forth Amendment of the Constitution of the United States to be free from illegal enforcements, seizures of the plaintiffs money, right to register his vehicle, harassment and intimidation as provided for in the Fifth and Sixth Amendment to the Constitution of the United States, the plaintiffs right to access to the courts as provided for by the Fourth and Fourteenth Amendment to the Constitution of the United States.

4.    Plaintiff James Svastics (hereinafter referred as "Svastics")an adult and is reside at 6412 Lindley Ave., in Reseda, County of Los Angeles, State of California.

5.    Defendant, City of Los Angeles, (100 South Main Street, 10th floor Los Angeles California 90012) hereinafter referred to as the ("City") is a municipal corporation organized and existing under the laws of the State of California.

- 2 -

6.   Plaintiff are informed and believe and thereon allege that defendants Parking Enforcement Officers Cohen, Reth, are and at all times relevant hereto were duly appointed policing agents with the City of Los Angeles Department of Transportation (L.A.D.O.T.)and or The City of Los Angeles Parking Enforcement, acting within the scope of their official duties as members of L.A.D.O.T. and Parking Enforcement.

7.   Plaintiff are unaware of true names or legal capacities of officers Cohen and Reth and Does 1 through 10 and sue such defendants under those fictitious names. Plaintiff are informed and believe and on those basis allege that Defendants the City, Does 1 through 10 are intentionally, negligently or some way legally responsible for plaintiffs damages as set forth herein. Plaintiff will seek leave of court to amend this complaint to add the true names or capacities of such defendants when the same is ascertained.

8.   Plaintiff are informed and believe and thereon allege that, at all time relevant to the allegation herein, Does 1 through 10 acted under color of state law, regulation, customs and policies.

FIRST CLAIM FOR RELIEF

9.   The City erected a preferential parking sign on a Commercial Property frontage of 13734 Oxnard Street, favoring the residents of the 5900 Mammoth Avenue. **The City made false claims of on-sight inspections to complainers, refuse to provide proof of on-sight inspection and used force to collect money** for it's non compliance with current laws and regulations **brought on Civil Right violations**.

10.   Svastics informed and believes and thereon alleges that the sign the City erected on the corner of Oxnard Street and Mammoth Avenue **is on a commercial frontage** open to public use without prejudice. Attached hereto as **Exhibit A,** and incorporated herein by this reference as it set forth at length here **a true copy of the zoning map,** clearly indicating that the LAMC 80.58L (Preferential Parking) is not in compliance with current laws and regulations at that location.

11.   Svastics informed and believes and thereon alleges that the parking restriction sign the City used to issue citations on the corner of Oxnard Street and Mammoth Avenue was approved by the City approximately seven years ago and placed by workers and agents of the City who lacked proper instructions and training. Attached

- 4 -

hereto as **Exhibit B,** a true photograph, clearly showing that the

sign is not only on commercial frontage but the sign **is facing East**

to be noticed by motorist turning onto Mammoth Avenue coming from

the east. Furthermore is hidden by a power pole **Exhibit C,** and a

large tree trunk **Exhibit D,** that made the sign invisible for those

who turn south onto Mammoth Avenue traveling from west toward east

on Oxnard Street.


12.   Svastics informed and believes and therefore allege that the

**LAMC 80.58L restriction erected and wrongfully enforced for the past**

**seven years** and in that time period hundreds of citation were issued

on the commercial frontage of 13734 Oxnard Street address (and

Mammoth Avenue) for violating LAMC 80.58L, a Preferential Parking

Local Restriction 138, reserved for 5900 Mammoth Avenue residence

who purchased permits for from LADOT.


13.   Svastics informed and believe that this time period numerous

demand to rescind citations were filed by unsuspecting motorists

whom received similar citations from the City and a same response

was given, written on a prefabricated letter, stating that **the**

**Parking Violation Bureau (PVB) made an Administrated and an On sight**

**investigation and find the citations issued to be valid.** As a direct

result of a negligent action by agent of the City, just from this

location alone brought tens of thousands of dollars in revenue to the City and its collection agency, namely the **Xerox State and Local Solution.**

14.   Svastics informed and believes and therefore alleges that the City at the time of the incident had a contract with an outside firm **Xerox State and Local Solutions** to manage the citations that were issued in the City of Los Angeles, including collecting money for the City and to manage any complaint or grievances. With full knowledge of the numerous complaints pouring in against the citations. The **City adopted a policy that allowed Xerox State and Local Solutions to stall complainers with their phony claims of proper administrative and on sight inspection,** inspections that were never carried out by agents of the Xerox State and Local Solution or by the agents of the City. <u>**Svastics demanded proof of inspection, identity of those "qualified" inspectors, the documents, photos and LAMC Sections that were used to verify their decision that rendered the citation valid.**</u> *Instead of a proper response, Svastics received a letter from LADOT Administrative Hearing Office that states, Per CVC Section 40202(a), the Notice of Parking Violation or copy thereof, shall be **prima fascie** evidence of the facts contained therein (The City's evidence that the infraction occurred.)*

15.    In order to properly prepare his case, Svastics has the

Constitutional right to examine such evidence the City claim to have

generated by their "On Sight" inspectors before attending any

hearing.

**The City deliberately obfuscate the truth by omission once the City**

**refused to send any information, documentation to Svastics and allow**

**a 21 day period to pass from the ruling of the notice of On Sight**

**Inspection in order to invoke CVC 40215 against Svastics.** (The City

claimed Svastics failed to request hearing on time, violating the

State Law (CVC 40215) and therefore citation must be paid.)


16.   **City demonstrated lack of proper training, policing its agents,**

**allowed intimidation's to take place against Svastics.** Such practice

the City adapted, trampled on Svastics's Civil Rights, rights that

is guaranteed by The Fourth Amendment of the Constitution of the

United States. With such practice of omission netted the City untold

millions of dollars, from which the City paid out to Xerox State and

Local Solutions (who was running the City's Parking Violation Bureau

Department of Transportation) the sum of 68 million dollars.


17.   Svastics is informed and believes, and thereon alleges that

defendant the City and all times mentioned herein was fully aware of

the fact that **Xerox doesn't really consider cases just stonewalling**

**attempts to fight tickets to raise its revenue.** (Counting on the high cost and enormous amount of time it takes to fight such miss use of power, will make the public to give in and just pay the citations.)

STATEMENT OF FACTS

18.    (a)   **City erected "Local Parking Restriction 138" on the 13734 Oxnard Street frontage in Los Angeles California a Commercial Property frontage** that would allow preferential parking only for residents of the 5900 block of Mammoth Street Los Angeles who purchased a permit to park their vehicles overnight without any consequences of getting cited by L.A.D.O.T. Parking Enforcement agents or officers.

(b)   Prior to Svastics's first encountering a citation on August 16, 2011 for parking his vehicle at such address mentioned, **numerous complaints were filed by other motorists asking that the City should rescind the citations due to the facts that the sign the City used for enforcements does not comply with current laws and regulations.**

(c)   **In all cases the City allowed its agents to send out untrained inspectors or no inspectors at all,** and responded to complainers with a prefabricated form claiming of diligent Administrative and On

- 8 -

1   Sight Inspection was conducted and the citations are valid for fines

2   and further enforcement.

3

4   19.   August 16, 2011 Officer Cohen, Serial #0912 issued a citation

5

6   (Citation # 2099968964) against Svastics for violating LAMC 80.58L a

7   Preferential Parking for residents of 5900 block of Mammoth Avenue.

8   **On time Svastics in his letter asked Parking Violation Bureau (PVB)**

9   **to have the citation rescinded** because the sign is not in plain view

10  due to the fact that is facing east and erected between a power pole

11

12  and a large tree trunk that prevents most motorists from noticing

13  the posting.

14

15  20.   On September 01, 2011 in a **Letter #220** the PVB suspended any

16  further action pending outcome of an investigation.

17

18  21.   On September 12, 2011 in a **Letter #167** the PVB stated to

19  Svastics that, **"We have conducted an administrated investigation,_**

20

21  **included an on-site investigation"** and concluded that the signs are

22  visible from all sides and the posting is proper, and the fine must

23  be paid in full. **See Exhibit: E.**

24

25  22.   Upon receiving the ruling and the demand for money, **Svastics**

26  **demanded from the PVB to identify the persons who done the**

27  **inspections and their official capacity,** and as to what section of

28

2:15-cv-00640-GHK-AJW   Document 1   Filed 01/28/15   Page 10 of 43   Page ID #:10

the law and regulation they followed that would given the City the right to place and enforce restriction sign that is not (visible) in plain view to most motorists when they park their vehicle.

23.   By law the City had no legal right to ignore Svastics's request and hold back such documents to be examined before setting up or attending any hearing. **The City Should not have** (due to lack of cooperation) **ignored Svastics's valid request and allowed 21 days to pass from the time of ruling in order to invoke State Law (CVC 40215),** once the dates have passed Svastics have no option then to pay the fine. **Svastics prays that such actions the City have taken against Svastics should be scrutinized and adjudicated and to stop the City from further profiting from their errors and omissions.**

24.   City responded to Svastics with another prefabricated form letter stating that you have failed to ask for a hearing on time, therefore by law he has forfeited all rights to appeal, and demanded money from Svastics, with addition cost of penalty.

25.   The City refused further communication with Svastics other then further demanding money for their mistakes.

26.   **Svastics who at the age of fifteen and all alone** *(without any any parents, as a refugee)* **came to the United State of America to get away from government oppression** in his native Hungary could not believe that the City and its governing branches would ignore Svastics when he asked for assistance forcing the L.A.D.T. to **re examine their findings and remove the preferential parking sign which is not in compliance with current laws and regulations and rescind the citations.**

27. In desperation **Svastics turned to the the Department of Transportation, Bureau of Planning and Land use Development** *to check the legality of placing signs of restriction in a way that would be obscure to some unsuspecting motorists.* **Svastics was told that the City have the right to erect signs of restriction as they please anywhere in the city.** Svastics then visited the City Attorneys office for help to clarify the Local Parking Restriction #138, but was asked to return to the Planning Department to get proper answers and help understanding the City's action and its authority to erect signs of restrictions as they please.

28.   Plaintiffs second trip to the **Department of Transportation Bureau of Planning agent proceeded to use Google map and viewed the intersection of Oxnard Street and Mammoth Avenue, then admitted that**

**the sign is facing a wrong way,** then followed up with a demeaning statement directed at Svastics, **asking him if he by any chance twisted the sign from its proper position.** Svastics in disbelief insisted on getting professional answer's so an other agent from the Planning Department referred him to Barbara Adams of the L.A.D.O.T. Records Office (barbara.adams@lacity.org Tel: 213-972 5063).
**Svastics received an E-mail answer to his inquiry from Barbara Adams L.A.D.O.T that read *Mr. Svastics perhaps this would help you, NJLAWS.COM 39.4/138* (a New Jersey ordinance)**
**Such unprofessional response overwhelmed Svastics** who was at the time caring for his spouse Helen who was in need of full care due to advanced case of Alzheimer's.

29.  Svastics's relentless quest to find justification to his belief that the sign is not placed properly, discovered records from the **City's Zoning Department clearly showing that the corner property on Oxnard Street and Mammoth Avenue is a Commercial Property frontage** and there he was assured that no restrictions should be considered valid that would favor individuals over other members of the public at that sight.

30.  Svastics returned to the Department of Transportation and Planning with a true copy of the zoning map with no success.

- 12 -

1  **Svastics was turned away without allowing him to present the true**
2  **copy of the property zoning in question.** Once again Svastics was
3  humiliated by agents of the City, by refusing to see the zoning
4  documents, then stating that the property has a house on it
5  therefore it is not a commercial property and **Svastics is ignorant**
6  **of the law and hes claims is based on ignorance.** Final statement
7  directed to Svastics stating that **we had enough of you and your**
8  **claims, we refuse to talk or deal with you anymore, so please go**
9  **away!**
10
11
12
13  31.  After a year of silence by the City, on June 2013 Svastics was
14  notified that unless the City receive $172.00 for the Citation
15  mentioned herein Svastics (on July 2013) will not be allowed to
16  register his motor vehicle until the City gets paid. See **Exhibit: F.**
17  *Without the automobile Svastics would not be able to properly*
18  *attend to his dieing wife, therefore* **Svastics had no option at that**
19  **time but to pay the City** for the illegally issued citation and then
20  seek justice through legal channels.
21
22
23  32.  On November 07, 2013 Svastics filed for $1,500 in damages
24  against County of Los Angeles, File Number: 13-1110277*001 for,
25  recovering the fine and related costs. The City rejected Svastics
26  claim on November 08, 2013.
27
28

33.   **On December 10, 2013 Svastics Filed a Claim and ORDER to go to Small Claim Court** against Los Angeles City, Department of Transportation and Planning **Case Number: 13V09784** for causing the citations to be issued due to bad planning and not complying with regulations. Svastics paid $35.00 to the Los Angeles County Sheriff's Department to serve the Complaint. The attempt to serve was (unsuccessful) not accepted at the given address 6262 Van Nuys Boulevard. Room 320 Van Nuys, Ca. 91401. See **Exhibit: G.**

34.   Svastics refiled an AMENDED complaint on January 8, 2014 and **once again paid the Fee of $35.00 to the L.A County Sheriff** Department to serve the City at 100 South Main Street, (10th Floor) Los Angeles Ca. 90012. **The Summon was never served the due to the fact that it was misplaced by the Sheriff Department and was unable to deliver it on a timely matter.** See **Exhibit H:** Svastics in desperation to halt the City's further abuse, on Febuary 27th 2014 filed a **REQUEST TO ALLOW LATE FILING FOR DAMAGES** at the City Clerks Office and turned in the new **CLAIM FOR DAMAGES.**

35.   Svastics made a last ditch effort to expose the wrong doing of the City by allowing untrained employees and agents of the City to thread on Svastics's Constitutional Right to be free from

intimidation's harassment provided to him by the Forth and Fifth Amendment of the Constitution of the United States. **On April 02, 2014 Svastics filed for damages against the City in the Los Angeles Superior Court _to Go to Small Claim Court._ File Number: 14V02787.** Attached to the complaint a the true copy of the zoning map for Oxnard Street and Mammoth Avenue showing that the sign is on a commercial frontage, three photographs showing the sign facing the wrong way, the power pole and a large tree obscuring the sign. *(Plaintiff Svastics was horrified to learn from the Small Claim Advisor that he is wasting hes time, the Small Claim Court will dismiss any traffic or parking violation complaints without exception, no matter how compelling the evidence brought forth to the court.)* Svastics in disbelieve insisted on finding Justice in the American Court System.

36.   On the May 22, 2014 court date as was instructed by the Judge, Svastics approached the City's representative and offered to the "Zoning map" he possessed and a chance to settle the matter out of court. **The representative to the City acknowledged to Svastics that the enforcement sign is not in compliance with the current regulation** but because Svastics used a terminology **"UNDER COLOR OF AUTHORITY"** in his complaint, the City is not willing to make any concessions.

37. The defendant to the City made a despicable (unamerican) statement to the Honorable Judge **"If Svastics would just payed the fine, we would not be wasting the courts time and the taxpayers money."** The Honorable judge promised to view the evidence and make the ruling in his chamber. The ruling to Svastics came as the next blow when the ruling arrived the next day in the mail stating that the claim got dismissed and the City in not responsible paying back the fine or any money from future citation. **The ruling given the City Green Light to write more citations** at the corner of Oxnard Street and Mammoth Avenue and get rewarded for it by collecting more illegal fines as revenues.

38.   After the representative of the **City admitted to Svastics that the restriction sign on the corner of Oxnard Street and Mammoth Avenue does not comply with the current laws and regulations,** on June 6, 2014 at six p.m Svastics parked his vehicle at the same location to see if the City made proper corrections by removing the illegally erected sign and if the enforcement agents or officers were notified of the errors the City allowed in issuing further citation. Soon after **Officer Reth Serial #3054** showed up and **despite an on sight protest directed at Officer Reth, issued Svastics a new Citation 4236606102-LAMC 80.58L for violating Preferential Parking**

1  and **at the same time he ignored** the automobile that was parked next

2  to Svastics that was displaying a Local Parking Exemption #138 tag.

3  (a dark colored Nissan License Number 5 BVV981)

4

5

6  39.   Svastics once again demanded from the City to rescind the

7  issued citation because the sign that caused the citation to be

8  issued does not in compliance with current laws and regulation.

9  **The City responded with a new false claim that an inspection were**

10  **made and the citation is valid.**

11  On December 10, 2014 Svastics by now expecting from the City to

12  acknowledge the fact that they have to operate by the current laws

13  and regulation in issuance of parking citations and forcing the

14

15  public to pay for them. **While patronizing the local restaurant**

16  **once again parked his vehicle at the Oxnard Street and Mammoth Ave.**

17  **intersection he was once again cited by Reth with Citation #**

18  **4248359544 along with another vehicle a Shevy Siverado Lic: 70286B1**

19

20  City made no attempt to stop issuing new citations in the future.

21

22  40.   The action of Cohen, Reth, City and Does 1 through 10

23  constitute a deprivation of Svastics's constitutional rights,

24  including without limitations Svastics's rights under the Fourth

25  amendment of the Constitution of the United States to be free from

26

27  illegal actions, searches and seizures, the plaintiff right to be

28

- 17 -

**free from police harassment and intimidation** as provided for in the Fifth and Sixth amendments to the constitution of the United States, the plaintiffs right to access to the courts as provided for by the Forth and Fourteenth Amendments to the Constitution of the United States, and the plaintiffs rights to due process of the law as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

41.   No persons like to receive a citation, not even Plaintiff Svastics. And it seems that no enforcement agencies like to have their actions, orders, judgments or the extent of their training and their authority questioned. Especially by a person such as Svastics who's English language skills are limited due to lack of formal education. It would seem in this instance due to a series mistakes that the City allowed to go unchecked and uncorrected by its agents, as a direct result **Svastics's rights were violated pursuant to the Forth Amendment of the Constitution of the United States** to be free from illegal enforcements, seizure of Plaintiffs money, right to register his vehicle, unless he pays money to the City. This cascade of Civil Right violation against Svastics is a direct result of Officer Cohen and Officer Reth's inability to differentiate or

recognize signs of enforcements due to lack of proper training provided to him by the City.

42. **Plaintiff Svastics was promised a thorough investigation of his complaint of illegal posting of restriction, but it never happened.** Once again Svastics encountered intimidation by the City's Parking Violation Bureau when they they provided Svastics a phoney printed form as a reply, stating that "on sight inspection find the sign in question in compliance with current laws and regulations" **Such false claims has given rise to a violation of Svastics's right to be free from further intimidation as provided for in the Fifth and Sixth Amendment to the Constitution of the United States.**

43. **The City's refusal to identify those agents** who made false claim of on sight inspection and **refusing Svastics to inspect any of the documents,** photos, and all other evidence violated Svastics's rights pursuant to the **Sixth Amendment of the Constitution of the United States guaranties Svastics the right to know who he's accuser and to inspect the evidence that was generated against him.** City's right to withhold Svastics's automobile registration unless money is paid for the illegally issued citation violated his civil rights pursuant to the **Fourteenth Amendments of the Constitution of the United States** that prohibits state and local governments from

depriving Svastics of money or property without due process such as allowing plaintiff to inspect the evidence and verify charges against him guaranteed by the **Sixth Amendment to the Constitution of the United States.** Svastics should be free from any omissions, harassment, intimidation that violates his Civil Rights provided in the **Fifth and Sixth Amendment to the Constitution of the United States.** he's right to access documents that the City generated against him amounts to the **City violating Freedom of Information Act,** the right to access the courts as provided for by the **Forth and Fourteenth Amendment to the Constitution of the United States were plaintiff Svastics can unveil the abusive practices the City allowed to be conducted against him** by its agents.

44.   Svastics turned to the City's Department of Transportation, Bureau of Planning to air his grievances regarding the restriction sign that gives preferential parking for local residence only, is not in compliance with the current laws and regulations. As a result, Svastics **was a subject of further intimidation, harassment, humiliation by an agent of the L.A.D.O.T Bureau Of Planning, labeling him a person who is ignorant of the law.** Svastics Civil Rights pursuant to the **Fourth Amendment of the Constitution of the United States were violated by such conducts to be free from intimidation's.**

Svastics attempted to show the Zoning Map that would have justified

Svastics's claim that the City is in wrong in issuing hundreds of

citation on a commercial zone in question was denied, **Svastics was**

**turned away and told that he is no longer be listen to and he must**

**leave.**

45.   An agent from the city attorneys office admitted to Svastics

that the sign in question is wrongfully displayed and enforced by

the L.A.D.O.T. but **due to the Svastics's use of the terminology**

**"Under Color of Authority" the City is not willing to cooperate with**

**Svastics nor will offer any resolution to resolve this case.** In

other word the *City deliberately withhold vital evidence or truth*

*by omissions to punish Svastics and to trample on his*

*Constitutional Right to be free from intimidation as provided for*

*in the Fifth and Sixth Amendment to the Constitution of the United*

*States.*

46.   *The City adopted a policy against Svastics and the general*

*public to continue issuing new citations for parking their vehicle*

*even after the City agents admitted that issuing citations on the*

*corner of Oxnard Street and Mammoth Avenue for violating Local*

*Restriction 138 that gives preferential parking on Commercial*

*Frontage is not in compliance with current laws and regulations.*

- 21 -

On June 6th 2014 at 6.pm Svastics parked his vehicle legally on the corner of 5900 Mammoth Avenue and Oxnard Street, waited for to see if the City had made any changes in their policy in policing at the above mentioned location, were shortly after, in person Svastics confronted L.A.D.O.T. Officer Reth and informed him that this is a Commercial Frontage and he should have been advised by he's superiors not to issue the citation at this cite. **Reth with a sarcastic grin on hes face slapped Svastics with a Citation # 4236606102 for violating preferential parking LAMC 80.58L.** Then Reth told Svastics that he cares less about the zoning, he goes by the posting of restrictions.

**Svastics experienced further intimidation, humiliation, harassment.**

47. The act of defendants as described herein were done in bad faith, and maliciously, with the conscious intent to deter Svastics from exercising his constitutional rights and such acts warrant the imposition of punitive damages.

48. As a direct and proximate results of acts of Defendants, Svastics have suffered and still suffers severe emotional distress, economic damages, and embarrassment.

**WEREFORE, plaintiff Svastics demand as follows.**

49.   For judgment against Defendants in an amount exceeding $150,000 and an injunction against the City and L.A.D.O.T. and D.P.V. and their agents and employees from harassing or prosecuting Svastics pursuant to the Citation or other Citations.

50.   For such other and further relief as the court deems just and proper.


Dated: January 26, 2015


_____

JAMES SVASTICS in Pro Per

- 23 -

**DEMAND FOR JURY TRIAL.**

Plaintiff Svastics hereby requests a jury trial on all issues raised in this complaint.

Dated: JANUARY 16 - 2015

Sign:_____

Sign by: James Svastics in pro per

EXHIBIT A



ZIMAS INTRANET        Generalized Zoning        09/25/2013

City of Los Angeles
Department of City Planning

Address: 13726 W OXNARD ST
APN: 2246008021
PIN #: 177B157   893

Tract: TR 7852
Block: None
Lot: FR 16
Arb: None

Zoning: [Q]C1.5-1VL
General Plan: Neighborhood Office Commercial

Streets Copyright (c) Thomas Brothers Maps, Inc.

EXHIBIT B



EXHIBIT 







EXHIBIT E

PARKING VIOLATIONS BUREAU
PAYMENTS
P.O. BOX 30420
LOS ANGELES, CA 90030

**CITY OF LOS ANGELES**
CALIFORNIA

PARKING VIOLATIONS BUREAU
CORRESPONDENCE
P.O. BOX 30247
LOS ANGELES, CA 90030

**Telephone Inquiries/Pay by Phone**
Toll Free  (866) 561-9742

TTTD/Hearing Impaired Only 8AM-5
(213) 623-7046



**Pay-By-Web**
www.lacity-parking.org

451255000199
SVASTICS JAMES
6412 LINDLEY AVE
RESEDA CA 91335-6113

**Letter # 167**
09/12/11

We have received your inquiry and conducted an administrative investigation, including an on-site investigation regarding the citation listed below.  The investigation has concluded that the signs were sufficiently clear and visible and, therefore, the citation must be considered valid.

If payment has not been made, prompt payment is now due.  To avoid the addition of penalties, we must receive your full payment within 21 calendar days from the date of this letter.  Write the citation number on your check or money order.

*** **Do Not Send Cash** ***

If you wish to request a hearing before a City hearing examiner, you must request the hearing within 21 calendar days following the mailing of this decision letter by filling out this form and returning it to the Parking Violations Bureau (PVB) by mail or in person at a cashiering location.  You may also schedule an in-person hearing before a hearing examiner by visiting the City's web site, www.lacity-parking.org, and clicking on Contest a Ticket.  All fines for contested citation must be paid in full prior to scheduling a hearing.

**Important:**  You may request a waiver of the citation payment requirement to schedule an administrative hearing.  Waivers may be considered if you provide written documentary proof that you qualify as a 'very low income household' as defined by the Federal Department of Housing and Urban Development Regulations.  If you wish to request consideration of a waiver application, please ask a PVB representative to send you additional information and forms.

If you fail to contact the PVB within the specified time, you will forfeit the right to a hearing.

**Parking Violations Bureau**

**Plate: CA4YLA739**
**Citation Number(s):**
2099968964

**Issue Date:**
08/16/11

**Amount:**
$ 63.00

## REQUEST FOR HEARING

Please check the appropriate item: I hereby request an administrative hearing (   ) in person or (   ) by written declaration. (For a hearing by written declaration, please see the reverse side.) **Provisions of Sign Language Interpreters, readers, and/or other assistive services are available upon request.**
Please note that non-English speaking respondents are responsible for providing their own translator for the hearing.

Signature _____  Date _____
The City of Los Angeles allows individuals to contest citations without first paying the fine, but only in cases where the individual can document that they qualify under guidelines established by the Federal Department of Housing and Urban Development as a very low income household.

AN EQUAL EMPLOYMENT OPPORTUNITY - AFFIRMATIVE ACTION EMPLOYER

EXHIBIT F

State of California - Business, Transportation, and Housing Agency                          EDMUND G. BROWN JR., Governor

**DEPARTMENT OF MOTOR VEHICLES**
P. O. Box 942869
Sacramento, CA 94269-0001
1-800-777-0133



**DATE:**      JULY 16, 2013

SVASTICS JAMES                                    **LICENSE NO:**  4YLA739
6412 LINDLEY AVE
                                                  **VIN:**  JTHBF30G520072190
RESEDA            CA 91335                         **MAKE:**  LEXS

The Department has recently received payment for parking and/or toll evasion citations that appeared on the vehicle registration record for the above described vehicle.  This letter can be used as evidence of payment of the penalties for the citations that were paid to our department.

In order to reduce the possibility of impoundment (towing) or immobilization (booting) under 22651 VC and 22651.7 VC, you may send a copy or other evidence of this letter to the parking processing agency. Towing or booting does not apply to toll evasion citations.

**DATE FEES PAID:** 07/12/2013      **AMOUNT PAID:**  175

| CITATION NO. | VIODATE | AGENCY NAME | AGENCY CODE | BAIL | DISP. |
|---|---|---|---|---|---|
| 2099968964 | 08/16/11 | LOS ANGELES | 19312 | 175 | PAIDDMV |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

0685                                    **IMPORTANT**                                    PGCR

Until the parking and/or toll agency receives the payment from DMV, the citations shown on this receipt which have been paid or cleared will remain outstanding on agency records.

For parking citations:  There may be other outstanding parking citations on parking agency records which do not show on DMV records. Accumulation of 5 or more outstanding parking citations, including those which have been

EXHIBIT G

SVASTICS, JAMES
6412 LINDLEY AVENUE
RESEDA, CA 91335

(310)-666-7705

L.A. SUPERIOR COURT, VAN NUYS      19140
6230 SYLMAR                        Branch: 61
VAN NUYS, CA 91401
                        Case Number/13V09784
Plaintiff: SVASTICS, JAMES                'NOT FOUND/NO SERVICE/CANCELED
Defendant: LOS ANGELES CITY DEPT

1. At the time of attempted service, I was at least 18 years of age and
   not a party to this action, and WAS UNABLE TO SERVE COPIES OF THE:
   CLAIM OF PLAINTIFF AND ORDER

2. Party Attempted To Be Served:
   LOS ANGELES DEPARTMENT OF
   OF TRANSPORTATION PLANNING & REVIEW

   Address Attempted:
   6262 VAN NUYS BOULEVARD, RM 320
   VAN NUYS, CA 91401

   Reason For Non-Service:


   CANNOT BE ACCEPTED AT THIS LOCATION. COURTESY ADDRESSES AND PHONE NUMBERS
   GIVEN.

   Small Claims Actions:
   If Not Found Fees are charged, you should file this notice with the Court
   Clerk before any hearing is held to recover costs incurred.

5. Deputy ID: E477017                A. Fee for Service: $ 35.00
   Deputy SOFIA B. BUZZELLI
   Sheriff's Office
   14400 ERWIN STREET MALL, RM 110
   VAN NUYS, CA 91401
   (818)-374-2500

7. I am a California Sheriff. I certify that the foregoing is true & correct.

                                        LEROY D. BACA, Sheriff
Date: 01/02/14
 Br.: 61 61              By: _____
                                        S. BUZZELLI, Deputy

EXHIBIT H

SVASTICS, JAME

6412 LINDLEY AVENUE
RESEDA, CA 91335

(310)-666-7705

L.A. SUPERIOR COURT, VAN NUYS      19140
6230 SYLMAR                        Branch: 61
VAN NUYS, CA 91401
                    Case Number/13V09784
Plaintiff: SVASTICS, JAMES                    NOT FOUND/NO SERVICE/CANCELED
Defendant: LOS ANGELES CITY DEPT

1. At the time of attempted service, I was at least 18 years of age and
   not a party to this action, and WAS UNABLE TO SERVE COPIES OF THE:
      CLAIM OF PLAINTIFF AND ORDER

2. Party Attempted To Be Served:
      CITY OF LOS ANGELES DEPARTMENT
      OF TRANSPORTATION

   Address Attempted:
      100 SOUTH MAIN STREET 10TH FLOOR
      LOS ANGELES, CA 90012

   Reason For Non-Service:


   RECEIVED COURT PAPERS, VIA US MAIL, 02/11/2014! LAST DAY FOR SERVICE WAS
   02/04/2014!

   A refund has been set-up for approval 42 days from the 'No Service'
   return date of this process. The requisition number of the refund
   is:  1403250001 . If you want service attempted again, please return
   this notice along with new instructions for service, and the refund
   will be cancelled while the new service is attempted. Otherwise, if
   no new instructions are received, the refund will be paid out after
   42 days.

5. Deputy ID: E449211            A. Fee for Service: $ 0.00
   Deputy MURIEL I. NG-BODE
   Sheriff's Office
   110 N. GRAND AVE RM 525
   LOS ANGELES, CA 90012
   (213)-974-6613

7. I am a California Sheriff. I certify that the foregoing is true & correct.

                                             JOHN L. SCOTT, Sheriff
Date: 02/11/14
 Br.: 61 12               By: _____
                                             M. NG-BODE, Deputy

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

JAMES SVASTICS

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

CITY OF LOS ANGELES, A MUNICIPAL CORPORATION. OFFICER COHEN, RETH, DOES 1-10 INCLUSIVE

**(b) County of Residence of First Listed Plaintiff**
*(EXCEPT IN U.S. PLAINTIFF CASES)*  LOS ANGELES

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*  LOS ANGELES

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

JAMES SVASTICS IN PROPER.
6412. LINDLEY. AVE T: 3106667705
RESEDA. CALIF 91335

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 150,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

CIVIL RIGHTS.   42. U.S.C.A. SECTION 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   CV15-00640

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☐ No | ☐ Yes ☐ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. → | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?       ☒ NO       ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any cases previously filed **in this court**?       ☒ NO       ☐ YES

If yes, list case number(s): _____

**Civil cases are related when they:** (1) arise from the same or a closely related transaction, happening, or event; (2) call for determination of the same or substantially related or similar questions of law and fact; or (3) for other reasons would entail substantial duplication of labor if heard by different judges. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____       DATE: Jan. 26 - 2015

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |